1  Michael Louis Kelly (SBN 82063)
   mlk@kirtlandpackard.com
2  Behram V. Parekh (SBN 180361)
   bvp@kirtlandpackard.com
3  Ruth Rizkalla (SBN 224973)
   rr@kirtlandpackard.com
4  **KIRTLAND & PACKARD LLP**
   2041 Rosecrans Avenue, Third Floor
5  El Segundo, California 90245
   Telephone: (310) 536-1000
6  Facsimile: (310) 536-10011

7  *Counsel for Plaintiffs*

8

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12 | CAROL ANDERS, ON BEHALF OF HERSELF, AND AS SURVIVING SPOUSE OF DEAN ANDERS, DECEASED; SUSAN DOBYNS; LUPE GALLEGOS; STEPHANIE GONIA, AS PERSONAL REPRESENTATIVE OF MARIAN BURK, DISABLED; MELODIE HANKE; GREG HAYS; MONIQUE LANE; HAROLD J. LONG, ON BEHALF OF HIMSELF, AND AS SURVIVING SPOUSE OF MARILYNE LONG, DECEASED; BARBARA LUNDY; GORDON H. MCCONNELL, ON BEHALF OF HIMSELF, AND AS SURVIVING SPOUSE OF JOAN MCCONNELL, DECEASED; NANCY MIRANDA, ON BEHALF OF HERSELF, AND AS A SURVIVING CHILD OF ESTER CHABOLLA, DECEASED; KELLY NAKATANI, ON BEHALF OF HERSELF, AND AS SURVIVING SPOUSE OF FRED M. NAKATANI, DECEASED; DENIS O'MAHONEY; PAUL PALUBICKI; JOHN PARRETT; ROGER PETERSON; ANNIE PORTER-CUASCUT, ON BEHALF OF HERSELF, AND AS SURVIVING SPOUSE OF JUAN JOSE CUASCUT, JR., DECEASED; CRAIG PROFFITT; DOROTHY | Case No. 2:16-cv-09248 SJO (JCx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION TO STAY PENDING TRANSFER TO MDL; DECLARATION OF RUTH RIZKALLA**<br><br>Date:       January 17, 2017<br>Time:      10:00 a.m.<br>Courtroom: 10C |
|---|---|

| | |
|---|---|
| 1 | ROBINSON; KAREN RUSSELL; MICHAEL SCHILLER, AS PERSONAL REPRESENTATIVE OF WALTER O. SCHILLER, DISABLED; KNUT SOLNA; BALASAN TOROSYAN; AND, TERRY LOUIS WILSON, ON BEHALF OF HIMSELF, AND AS SURVIVING SPOUSE OF TERI LYNN WILSON, DECEASED, |

1  ROBINSON; KAREN RUSSELL;
2  MICHAEL SCHILLER, AS PERSONAL REPRESENTATIVE OF
3  WALTER O. SCHILLER, DISABLED; KNUT SOLNA; BALASAN
4  TOROSYAN; AND, TERRY LOUIS WILSON, ON BEHALF OF
5  HIMSELF, AND AS SURVIVING SPOUSE OF TERI LYNN WILSON, DECEASED,
6  
                        Plaintiffs,
7  v.
8  JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a
9  JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH
10 AND DEVELOPMENT LLC; JOHNSON & JOHNSON COMPANY;
11 JANSSEN ORTHO, LLC; JANSSEN PHARMACEUTICALS, INC. f/k/a
12 JANSSEN PHARMACEUTICA INC., f/k/a ORTHO-MCNEIL-JANSSEN
13 PHARMACEUTICALS, INC.; BAYER CORPORATION; BAYER
14 HEALTHCARE LLC; and BAYER HEALTHCARE
15 PHARMACEUTICALS INC., BAYER PHARMA AG, BAYER
16 HEALTHCARE AG, BAYER AG, MCKESSON CORPORATION; and
17 JOHN DOES 1-100, INCLUSIVE,
18                         Defendants.

| | |
|---|---|
| 1 | Plaintiffs, Carol Anders, on behalf of herself, and as Surviving spouse of Dean Anders, deceased; Susan Dobyns; Lupe Gallegos; Stephanie Gonia, as personal representative of Marian Burk, disabled; Melodie Hanke; Greg Hays; Monique Lane; Harold J. Long, on behalf of himself, and as surviving spouse of Marilyne Long, deceased; Barbara Lundy; Gordon H. McConnell, on behalf of himself, and as surviving spouse of Joan McConnell, deceased; Nancy Miranda, on behalf of herself, and as a surviving child of Ester Chabolla, deceased; Kelly Nakatani, on behalf of herself, and as surviving spouse of Fred M. Nakatani, deceased; Denis O'Mahoney; Paul Palubicki; John Parrett; Roger Peterson; Annie Porter-Cuascut, on behalf of herself, and as surviving spouse of Juan Jose Cuascut, deceased; Craig Proffitt; Dorothy Robinson; Karen Russell; Michael Schiller, as personal representative of Walter O. Schiller, disabled; Knut Solna; Balasan Torosyan; and, Terry Louis Wilson, on behalf of himself, and as Surviving Spouse of Teri Lynn Wilson, deceased, ("Plaintiffs") through undersigned counsel submits this Memorandum of Points and Authorities in Opposition to Motion to Stay Pending Transfer to MDL 2592 filed by Defendants Janssen Research & Development, LLC.; Janssen Pharmaceuticals, Inc.; Janssen Ortho, LLC.; Johnson & Johnson; Bayer Corporation; Bayer Healthcare LLC.; And Bayer Healthcare Pharmaceuticals Inc.  Defendants' motion to stay proceedings is misleading and without merit. Defendants' arguments should be rejected and the motion denied. |

First, the Court should deny Defendants' Motion to Stay because Defendants violated local rule 7-3, which requires a pre-filing meet and confer at least 7-days in advance of filing.

Second, McKesson Corporation is a pharmaceutical distributor with its principal place of business is San Francisco. Under California state law, distributors and suppliers such as McKesson can be held strictly liable for injuries caused by defective products. *Jimenez v. Superior Court*; 29 Cal. 4th 473 (2002).

Third, the MDL has made provisions for coordinating with state courts where Xarelto actions are pending. The Defendants presumption that this court will not work cooperatively with its MDL counterpart is baseless.

## I. INTRODUCTION

Plaintiffs have asserted causes of action against McKesson under California State law that holds distributors/suppliers and marketers/promoters strictly liable for injuries caused by defective products. Every Plaintiff cited in Defendants Motion to Stay Pending Transfer to MDL 2592 was a citizen of the State of California at the time they sought medical treatment for injuries sustained as a result of ingesting the drug Xarelto. Granting Defendants Motion to Stay before jurisdiction has been established would not promote judicial efficiency or help conserve sparse resources. The Defendants would not be unduly burdened if this court did not grant their Motion to Stay before federal jurisdiction can be established.

## II. ARGUMENT & AUTHORITIES

### A. Defendants' Motion Should Be Denied since Defendants Violated the Local Rules by Failing to Meet and Confer before Filing this Motion.

Local Rule 7-3 requires that a "counsel contemplating the filing of *any* motion shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution" and that "*the conference shall take place at least seven days prior to the filing of the motion*." L.R 7-3(emphasis added). The Central District of California "requires strict compliance with Local Rule 7-3." *Fuji Photo Film Co. v. Achiever Indus.*, 2007 U.S. Dist. LEXIS 101986, *4 (C.D. Cal. Feb. 2, 2007) (Walter, J.) (denying Defendant's motion because strict compliance with Local Rule 7-3 is necessary to support the Central District of California's "firm policy of reducing unnecessary motion practice") (Walter, J.); *Alcatel-Lucent USA, Inc. v. Dugdale Communications,*

*Inc.*, 2009 U.S. Dist. LEXIS 100499, *11 (C.D. Cal. Oct. 13, 2009) (Guttierez, J.) (same).  Here, it is undisputed that Defendants violated Local Rule 7-3 and failed to initiate a pre-filing conference with Plaintiffs' counsel at least seven days prior to filing of *this* Motion.  Janssen and Bayer, in their Notice, provide that this Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 15, 2016 and December 16, 2016.

This Court should either deny or strike the improperly noticed Motion to Stay. *See e.g. Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) (affirming district court's striking the motion for failure to comply with Local Rule 7-3); *Cucci v. Edward*, 510 F. Supp. 2d 479, 486 (C.D. Cal. 2007) (confirming that the court may deny motion on basis of failing to comply with Local Rule 7-3 alone). Holding otherwise, would render compliance with the seven-day waiting period prior to filing motions discretionary and outcome dependent, which is contrary to the letter and spirit of the Rule.  Accordingly, the Motion should be stricken or denied[1] for failing to comply with Local Rule 7-3.

### B.     Alternatively, Defendants' Stay Should be Denied.

This Court should not assume that transfer to the MDL will be granted or, if it is, that the transferee court would be presented with the issue of subject matter jurisdiction. *See Lopez v. Pfeffer*, No. 13-cv-03341 NC, 2013 U.S. Dist. LEXIS 138922 (N.D. Cal. Sep. 25, 2013)(declining to assume that the MDL will transfer the case, and finding that prejudice to the defendant in denying a temporary stay is minimal.)  Defendants' argument wholly ignores the prejudice to Plaintiffs in postponing California state court proceedings until jurisdiction has been established. *Guardado v. Highshaw*, No. EDCV 13-365 PSG (SPx), 2013 U.S. Dist. LEXIS 188414, at *4-5 (C.D. Cal. May 6, 2013) (finding it appropriate to address plaintiff's motion to remand in context of alleged fraudulent joinder argument

---

[1] An alternative remedy is to continue the hearing on the improperly noticed Motion to Stay so as to ensure compliance with Local Rule 7-3.

than staying case and deferring jurisdictional issues to MDL court). "[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." *Id.*, at *5-6 (citing *Goodwin v. Kojian*, No. SACV 13-325-JST (JPRx), 2013 U.S. Dist. LEXIS 53403 (C.D. Cal. Apr. 12, 2013) (quoting *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) (edits in original).  As courts in this District and other district courts have recognized, "it is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended." *Guardado* at *11-12 (*citing Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004), *Goodwin*, 2013 U.S. Dist. LEXIS 53403, (considering the interest in early resolution of jurisdictional issues in deciding to rule on the plaintiff's remand motion before addressing the defendant's motion to stay). As a general rule, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on the grounds that an MDL transfer motion has been filed." *Guardado*, 2013 U.S. Dist. LEXIS 188414, at *4-5 (citations omitted).

District courts within the Ninth Circuit have adopted two methods for determining whether it is appropriate to address a motion to remand when a motion to stay the case pending transfer to an MDL has also been filed. In one approach the courts follow a three-step analysis:

> First, the court gives preliminary scrutiny to the merits of the motion to remand and, if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the action to state court. Second, if the jurisdictional issues appear factually or legally difficult, the court determines whether identical or similar issues have been raised in other cases that have been or may be transferred to the MDL proceeding. Third, if the jurisdictional issue appears difficult and the issues are similar to those raised in cases transferred or likely to be

4
PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION TO STAY PENDING TRANSFER TO MDL;
DECLARATION OF RUTH RIZKALLA

transferred to the MDL court, the court should stay the action and permit the MDL court to address the jurisdictional issues.

*Id.* at *6-7 (C.D. Cal. May 6, 2013)(citations omitted). Whereas other courts have applied the ordinary test for determining whether to stay the proceedings by balancing the interests of judicial economy and fairness. *Id.* at *7 (citations omitted). In the latter approach, courts consider whether issues of judicial economy—such as conservation of judicial resources, avoidance of duplicative work, possibility of inconsistent rulings, and pre-trial management efforts—favor staying the case rather than addressing the motion to remand, and whether there would be any prejudice to the plaintiffs in declining to address the motion to remand. *Id.*

Under either approach, this Court should deny the motion for stay and address the motion to remand. As in *Guardado*, where the court found the issue of fraudulent joinder not to be complex, the issue of diversity in the present matter is not complex and does not involve a complicated in-depth analysis. Plaintiffs are residents of California, as is Defendant McKesson. Plaintiffs have asserted causes of action against McKesson under California state law that holds distributors/suppliers and marketers/promoters strictly liable for injuries caused by defective products. Defendants have not denied that McKesson distributes and supplies Xarelto in California. Defendants cannot prove by clear and convincing evidence that there is no possibility that Plaintiffs can prevail on any cause of action brought against McKesson.

And last, Janssen and Bayer will not suffer hardship or inequity without a stay because they are "only entitled to litigate in the MDL if there is federal subject matter jurisdiction." *Hermosillo v. McKesson Corp.*, No. C 13-03169 WHA, 2013 U.S. Dist. LEXIS 115065, at *5-6 (N.D. Cal. Aug. 14, 2013); *See also Lopez*, 2013 U.S. Dist. LEXIS 138922 (declining to assume that the MDL will transfer the case,

and finding that prejudice to defendant in denying a temporary stay is minimal.); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (denying motion to stay pending determination of transfer by the JPML and deciding threshold jurisdictional issue).

### III.  CONCLUSION

Defendants' request to stay should be denied because Defendants violated Local Rule 7-3 and failed to satisfy Local Rule 7-18.  The Court need not turn to the merits of Defendants' motion for these two reasons.   Regardless, a stay is not warranted given that subject matter jurisdiction is hotly disputed, and the certainty of prejudice to Plaintiff from delay and duplicative briefing. Judicial economy is squandered by putting off the inevitable but fundamental determination of jurisdiction until after other proceedings that would be rendered moot by a lack of federal subject matter jurisdiction. Additionally, denying stay will prevent Defendants from using the multidistrict litigation model as a tool in furtherance of delay and harassment where federal jurisdiction has not even been determined to exist.

Dated:  December 27, 2016                    Respectfully Submitted,


                              By:  /s/ Ruth Rizkalla
                                   Ruth Rizkalla, Esq.
                                   *Attorney for Plaintiffs*